UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No.: 5:18 CR 182 |
| | ) | |
| Plaintiff | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| DEON JOHNSON, | ) | |
| | ) | |
| Defendant | ) | <u>ORDER</u> |

Currently pending before the court in the above-captioned case is Petitioner Deon Johnson's ("Petitioner" or "Johnson") Motion to Reduce his Sentence ("Motion") (ECF No. 269), pursuant to 18 U.S.C. § 3582(c)(2). For the following reasons, the court denies Petitioner's Motion.

### I. BACKGROUND

On August 1, 2018, a grand jury indicted Petitioner on three charges: (1) Conspiracy to Manufacture and Possess with Intent to Distribute a Controlled Substance, in violation of 21 U.S.C. §§ 846, 841(a)(l) and (b)(l)(A) ("Count 1"); (2) Manufacture and Possession with Intent to Distribute a Controlled Substance, and Aiding and Abetting, in violation of 21 U.S.C. §§ 841 (a)(l) and (b)(1)(A) and 18 U.S.C. § 2 ("Count 2"); and (3) Use of a Communication Facility in Furtherance of a Drug Trafficking Crime, in violation of 21 U.S.C. § 843(b) ("Count 9"). (*See* Superseding Indictment, ECF No. 18.) On April 8, 2022, Petitioner pled guilty to all three Counts. (ECF No. 249 at PageID 2013, Plea Agreement.)

Petitioner was sentenced to 170 months' incarceration as to Counts 1 and 2, and 48 months as to Count 9, with terms to run concurrent, and credit for time served from August 20, 2018.

(Judgment at PageID 2034, ECF No. 250.) Defendant is currently serving his sentence at FCI Ashland, with a projected release date of August 28, 2035[1].

On August 21, 2024, Petitioner filed the Motion to Reduce his Sentence (ECF No. 269), pursuant to 18 U.S.C. § 3582(c)(2), considered herein. On August 29, 2024, the Federal Public Defender's Office filed a Notice of Intent not to Supplement (ECF No. 271) Petitioner's Motion. The Government filed its Opposition to Petitioner's Motion (ECF No. 274) on September 10, 2024. Petitioner did not file a reply brief in the requisite time frame. Petitioner's Motion is now considered fully briefed and ripe for review.

## II. LAW AND ANALYSIS

In general, courts may not modify the terms of a defendant's sentence absent certain, express statutory exceptions. *See United States v. Bridgewater*, 606 F.3d 258, 260 (6th Cir. 2010). One such exception permits courts to reduce the sentence of a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)[.]" 18 U.S.C. § 3582(c)(2). If this exception applies, "the court may reduce the term of imprisonment, after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* Under United States Sentencing Guidelines ("Sentencing Guidelines"), "the court shall not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range." U.S.S.G. § 1B1.10(b)(2); *See also Dillon v. United States*, 560 U.S. 817, 827 (2010).

---

[1] Federal Bureau of Prisons, Find an Inmate, https://www.bop.gov/inmateloc/?os=vb.&ref=app (last accessed May 5, 2025).

In May 2023, the United States Sentencing Commission ("Sentencing Commission") altered the "status points" provision of the criminal history calculation.[2] Relevant here, Amendment 821 changed the Sentencing Guidelines. Defendants with seven or more criminal history points who "committed the instant offense while under any criminal justice sentence" now receive one point, and defendants with six or fewer criminal history points now receive no status points. U.S.S.G. § 4A1.1(e).

Petitioner's total offense level was 37 after applying the relevant adjustments for the offense characteristics and Petitioner's acceptance of responsibility. (Final Presentence Report at PageID 1133, ECF No. 137.) Petitioner was judged to be a career offender. (*Id.* at PageID 1137.) Therefore, under §4B1.1(b), his criminal history category was VI. (*Id.*) The advisory guideline range for offense level 37 and criminal history category VI was 360 months to life imprisonment. (*Id.* at PageID 1140.) As mentioned, Petitioner was sentenced to 170 months of incarceration as to Counts 1 and 2, and 48 months as to Count 9, after the court granted a downward variance and departure. (Judgment at PageID 2034, ECF No. 250.)

In Petitioner's Motion, he states that the "821 Amendment applies to [his] case." (Mot. at PageID 2095.) However, in its Opposition to Petitioner's Motion, the Government argues that, in every case, career offenders' criminal history category is VI; thus, the amended provision does not apply to Defendant. The Government's argument is well-taken.

Under U.S.S.G. 4B1.1(b), a career offender's criminal history category is always VI. U.S.S.G. 4B1.1(b) ("A career offender's criminal history category in every case under this subsection shall be Category VI."). Thus, Johnson does not fit within the provision of U.S.S.G. § 4A1.1(e),

---

[2] On August 24, 2023, the Sentencing Commission voted to make this amendment apply retroactively. United States Sentencing Guidelines, *Press Release, U.S. Sentencing Commission Votes to Allow Retroactive Sentence Reductions and Announces Its Next Set of Policy Priorities* (Aug. 24, 2023), https://www.ussc.gov/about/news/press-releases/august-24-2023.

because his career offender status automatically placed him in a criminal history category of VI. Therefore, the amended guidelines concerning status points would have no effect on the calculation of his sentence. Accordingly, Petitioner is ineligible for a sentence modification under 18 U.S.C. § 3582(c)(2).

### III. CONCLUSION

For the foregoing reasons, the court denies Petitioner's Motion to Reduce his Sentence (ECF No. 269), pursuant to 18 U.S.C. § 3582(c)(2).

IT IS SO ORDERED.

/s/ SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE

May 6, 2025